IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **KELSEY SPRONG,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 17-3101 |
| **CHRIS ELLIOTT,** Individually and as Police Officer for White Hall Police Dept., **CITY OF ROODHOUSE,** and **CITY OF WHITE HALL,** | ) ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

In March 2017, Plaintiff Kelsey Sprong filed an eight-count complaint in state court against Defendants Chris Elliott, City of Roodhouse, and City of White Hall. Plaintiff alleges constitutional violations under 42 U.S.C. § 1983 and state law tort claims arising from an incident that occurred in September 2016. Defendants removed the action to this Court.

Defendant City of Roodhouse filed an answer (d/e 10) and a Partial Rule 12(b)(6) Motion to Dismiss (d/e 11) Counts V and VI. Because Counts V and VI state a claim, the Motion is DENIED.

## I. JURISDICTION

This Court has subject matter jurisdiction because Plaintiff brings a claim based on 42 U.S.C. § 1983, a federal law. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Venue is proper because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district. 28 U.S.C. § 1391(b)(2).

## II. LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cnty. of Boone, 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing he is entitled to relief and giving the defendants fair notice of the claims. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

When considering a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in his favor. Id. However, the complaint must set forth facts that plausibly demonstrate a claim for relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). Plausibility means alleging factual content that allows the Court to reasonably infer that the Defendants are liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a cause of action. Id.

### III. FACTS ALLEGED IN THE COMPLAINT

The following facts come from Plaintiff's Complaint and are accepted as true at the motion to dismiss stage. Tamayo, 526 F.3d at 1081.

On September 6, 2016, while on duty for the White Hall Police Department, Defendant Officer Chris Elliott responded to a call for the Roodhouse Police Department regarding an unattended

minor who had been found at a park. Officer Elliott took the child to the Roodhouse Police Department.

Thereafter, Plaintiff arrived and requested return of the minor child. Officer Elliott advised Plaintiff that he was investigating why the child had been alone and told Plaintiff that he had contacted the Department of Children and Family Services (DCFS). Officer Elliott further informed Plaintiff that her child would remain under protective custody and be detained while Officer Elliott investigated Plaintiff and the child's father.

Officer Elliott demanded, in an aggressive and threatening manner, that Plaintiff provide information to him. Plaintiff invoked her right to silence and refused to answer questions from Officer Elliott. Plaintiff asked Officer Elliott for her cell phone, which was inside the Roodhouse Police Department, so that she could contact an attorney. Officer Elliott refused Plaintiff's request and continued to question Plaintiff.

Plaintiff asked Officer Elliott if she was under arrest, and he told her she was not. Plaintiff attempted to leave the Roodhouse Police Department. As Plaintiff began walking down the ramp outside the police department, Officer Elliott grabbed Plaintiff and

physically pulled her into the Roodhouse Police Department. Officer Elliott placed Plaintiff under arrest for obstructing justice. Plaintiff was then transported to the Greene County Correctional Facility, where she spent one night in jail before bonding out.

As a result of Plaintiff's arrest, the child found in the park and Plaintiff's other minor child were placed in the custody of DCFS. Plaintiff was without custody and care of her minor children for 42 days. The children were returned only when a Greene County court ordered the State of Illinois to return Plaintiff's minor children. Plaintiff was never charged with a crime in connection with the events of September 6, 2016. Plaintiff alleges that Officer Elliott was on duty in his capacity as a police officer for the White Hall Police Department and acting on behalf of the Roodhouse Police Department. Compl. ¶ 4; see also ¶ 5 (Officer Elliott was employed by the City of White Hall, specifically the White Hall Police Department).

As is relevant to the pending Motion to Dismiss, Plaintiff brings two claims against Defendant City of Roodhouse: failure to train (Count V) and inadequate supervision and discipline (Count

VI). Both Counts V and VII incorporate the factual allegations set forth above. Court V further alleges:

> 55. That Defendant Chris Elliott's job duties include training as to probable cause and the correct use of force.
>
> 56  That failure to adequately train officers in these areas would carry a high risk that an individual's rights would be violated.
>
> 57. That failure to train officers in the areas of probable cause and use for force is deliberate indifference.
>
> 58. That Defendant's action in failing to properly train its officers and officers it requests to engage in law enforcement duties was the proximate cause of Plaintiff's damages.

Compl. ¶¶ 55-58.  Count VI alleges:

> 61. That subsequent to Defendant Chris Elliott's use of excessive force and wrongful arrest against plaintiff, the Chief of Police failed to remove Defendant, Chris Elliott, from the investigation.
>
> 62. That subsequent to the incident the Chief of Police failed to request an investigation be conducted into Defendant, Chris Elliott's actions.
>
> 63. That upon information and belief, the Roodhouse Chief of Police condoned and encouraged Defendant, Chris Elliott's actions on September 6, 2016.

64. That upon information and belief, Defendant, Chris Elliott, has not been disciplined for his excessive use of force and unlawful arrest.

65. That failure to adequately supervise and discipline Defendant, Chris Elliott, created a high risk that an individual's rights would be violated.

66. That failure to adequately supervise and discipline Defendant, Chris Elliott, is deliberate indifference.

67. That Defendant's action in failing to properly supervise and discipline its officers was the proximate cause of Plaintiff's damages.

Compl. ¶¶ 61-67.[1]

On May 3, 2017, Defendant City of Roodhouse filed an Answer and Affirmative Defenses to Plaintiff's Complaint (d/e 10) and a Partial Rule 12(b)(6) Motion to Dismiss (d/e 11). In the Motion to Dismiss, Roodhouse seeks the dismissal of Counts V and VII.

### IV. ANALYSIS

A local government is responsible under § 1983 "when execution of a government's policy or custom . . . inflicts the injury . . . ." Monell v. Dep't of Social Servs. of City of New York,

---

[1] Plaintiff made similar inadequate training and failure to supervise and discipline claims against Defendant City of White Hall in Counts VII and VIII.

436 U.S. 658, 694 (1978). A municipality may not be held liable under § 1983 simply because it employs a tortfeasor. Bd. of Cnty. Com'rs of Bryan Cnty., Okla. V. Brown, 520 U.S. 397, 403 (1997).

To state a Monell claim, a plaintiff must allege that (1) she has suffered the deprivation of a constitutional right and (2) that an official custom or policy of the local government caused that deprivation. See Wagner v Washington Cnty., 493 F.3d 833, 836 (7th Cir. 2007). A plaintiff may establish an official policy or custom by showing: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a "custom or usage" with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority. Palmer v. Marion Cnty., 327 F.3d 588, 594-95 (7th Cir. 2003) (citations omitted).

In limited circumstances, a municipality's decision not to train employees can rise to the level of a government policy. Connick v. Thompson, 563 U.S. 51, 61 (2011). A municipality's failure to train and supervise employees constitutes a policy or

custom if it "amount[s] to 'deliberate indifference to the rights persons with whom the [untrained employees] come into contact.'" Id. (quoting City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989)); Edwards v. Cook Cnty., No. 15 C 6935, 2016 WL 687915, at *2 (Feb. 19, 2016) applying the law pertaining to failure-to-train claims to failure-to-supervise-and-discipline claims).

"A pattern of similar violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." Connick v. Thompson, 563 U.S. 51, 62 (2011) (internal quotation marks omitted) (further noting that "[w]ithout notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights"). However, in rare cases, a single incident may be sufficient to demonstrate deliberate indifference if the unconstitutional consequences of failing to train are obvious. Canton, 489 U.S. at 390 n. 10 (giving hypothetical example that city policymakers know that officers will be required to arrest fleeing felons and arm the officers with guns to allow them to do so; therefore, the need to train the officers in the constitutional

limitation on the use of deadly force is so obvious that the failure to do so could be characterized as deliberate indifference).

Roodhouse argues that Plaintiff fails to sufficiently allege a failure to train claim or a failure to supervise and discipline claim. Roodhouse asserts that Plaintiff's allegations consist only of boilerplate allegations and rely only on the facts of her isolated incident to allege her claims. Finally, Roodhouse argues that Plaintiff's allegations regarding the failure to supervise or discipline claim (Count VI) are couched as post-occurrence deficiencies or based "upon information and belief."

While Plaintiff's allegations are thin, Plaintiff states a claim against Roodhouse in Counts V and VI. Plaintiff alleges that Roodhouse failed to train officers in the areas of probable cause and use of force and failed to adequately supervise and discipline its officers with regard to use of force and the proper standard for arresting individuals. Drawing all reasonable inferences in Plaintiff's favor, the Court finds that Plaintiff alleges that the violation of her constitutional rights was a highly predictable consequence of Roodhouse's failure to train, supervise, and discipline its officers who are responsible for arresting individuals.

See Connick, 529 U.S. at 64 (noting that the Supreme Court did not "foreclose the possibility, however rare, that the unconstitutional consequences of failing to train could be so patently obvious that a city could be liable under § 1983 without proof of a pre-existing pattern of violations"). Therefore, the Court finds that Counts V and VI state a claim.

## V. CONCLUSION

For the reasons stated, Defendant City of Roodhouse's Partial Rule 12(b)(6) Motion to Dismiss is DENIED. Defendant shall answer Counts V and VI on or before May 30, 2017.

**ENTER: May 12, 2017**

**FOR THE COURT:**

*s/Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**